# EXHIBIT "1"

AFFIDAVIT

STATE OF PENNSYLVANIA :
                           SS:
COUNTY OF MONTHERY     :

      The HON. HORACE A. DAVENPORT, RETIRED JUDGE, being duly sworn according to law this 26th day of August, 2010 doth hereby swear and affirm the following:

1. That he is a retired Judge of the 38th Judicial District of the State of Pennsylvania.
2. That he resides at 118 S. Schuylkill Avenue, Norristown, Pennsylvania.
3. That the entire contents of the letter dated July 29, 2010 addressed to Timothy M. Kolman, Esquire in reference to Naomi C. Satterwhite is true and accurate.

Sworn to and subscribed
Before me this 26th day
Of August, 2010

_____
Horace A. Davenport, Retired Judge

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Earle M. Oberholtzer, Jr., Notary Public
West Norriton Twp., Montgomery County
My Commission Expires Dec. 26, 2010

Member, Pennsylvania Association of Notaries

*HORACE A. DAVENPORT, Retired Judge*
*118 S. Schuylkill Avenue*
*Norristown, PA 19403*

29 July 2010

Timony M. Kolman, Esquire
414 Hulmeville Avenue
Penndel, Pa. 19047

    Re:  Naomi C. Satterwhite

Dear Mr. Kolman:

  As a sole practitioner I hired Naomi Satterwhite as my secretary in 1955 while she was attending Norristown Business College and I was just starting my practice. She was my receptionist, bookkeeper and legal secretary. She set up my office and was a very reliable employee who fulfilled her duties above and beyond the call of duty. My clients loved her. She also typed Master Reports in Divorce for the late C. Howard "Bo" Harry, Esquire. She worked for me for her entire career – while I was a lawyer and as a judge – for 46 years. She did an excellent job.

  In 1971 I became partner in the firm of Gerber, Davenport & Wilenzik. Naomi worked cooperatively with five (5) other secretaries and organized and initiated a new filing system for the office. She was a loyal and efficient secretary.

  In 1976 I began my duties as a Judge and Naomi came with me. Again she developed a filing system in my Chambers. I made it clear to her that this would be a new undertaking and that at all times she was to keep the office under control. She knew the procedures I required for Family Court, Criminal Court, and Civil Court. Many times she was met with resistance and she sent out memos to correct situations after discussing the matter with me. There were times when I had to address matters. At no time did Naomi do things on her own. She was my employee in my chambers. She was thorough. I remember when computers came in, she stayed after hours to experiment with her computer to see what it could do. Later, other secretaries came to her to help them solve problems with their computers.

  I still get comments from various attorneys to the effect that they appreciated the way she ran my chambers. She was one who followed through very thoroughly. She never believed in assumption. She had a saying that "assumption will get you in trouble". As far as I could tell, everyone liked her.

  She was a person who documented everything she felt was of necessity. There was an occasion where for three (3) years we asked for chair-rail for my office on the third floor and we were told there was no money in the budget. We however watched as chambers down the hall received whatever they wanted. Shortly after getting the chair rail we were shifted over to One Montgomery Plaza – Suite 400. I don't know if she kept those papers or not.

Timothy M. Kolman, Esquire  
July 29, 2010

Page 2

      We were put over there with the bare minimum. It was like pulling teeth to get appropriate furniture and furnishings for the suite. There was an occasion where my wife and former Commissioner Mele were talking. He wanted to know how were my chambers. She asked him to go and check them out at his convenience. This he did. He was not satisfied with the lay-out and made more space available.

      Thereafter I believe I instructed my secretary to put in a Requisition for furniture and pictures for the walls in the entire suite. This she did. This somehow created a problem for the Court Administration Office. Knowing how Naomi kept documentation, I believe she would have correspondence on this issue.

      I have felt very fortunate to have had her as my secretary, and many of the lawyers who had business in my chambers expressed the same sentiment.

      Many members of the Montgomery Bar Association were pleased with her services and they honored her on May 1, 1996 with the "Outstanding Service to the Public Award". When she was ready to retire in 2000, the Bar Association gave her a Retirement Party at the Blue Bell Inn in appreciation for her services rendered to the Court System.

      In 2002 I asked her to return to work for me until the end of December as the secretary I had became ill and returned to Alabama. I later learned that she would also have to work for Judge Vogel and she had no problem doing that. She did what she was asked to do cheerfully and without complaint.

      With all that Naomi encountered after she retired, she was willing to return to the Court House as a tipstave to assist the Court System. When she came to me, I remember calling Judge Corso and telling him she was interested and asked if he would approve her. This he did. This was a part time job.

      Naomi was quite pleased to return to the Court House. One thing I found about her over the years, she was never a boastful person, had a passion for people and was always willing to help anyone she could.

      Very truly yours,

      *Horace A. Davenport*

      Horace A. Davenport, Retired Judge

HAD:ai